Filed 12/30/15  In re Anthony A. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re Anthony A., a Person Coming Under the Juvenile Court Law. | B263421<br>(Los Angeles County<br>Super. Ct. No. DK04555) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>Gabriel M.,<br><br>    Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Connie R. Quinones, Judge.  Affirmed.

Judy Weissberg-Ortiz, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, Interim County Counsel, Dawyn R. Harrison, Assistant County Counsel, and Jeanette Cauble, Senior Deputy County Counsel, for Plaintiff and Respondent.

No appearance for Minor.

*  *  *  *  *  *

Gabriel M. (Father) argues that the juvenile court erred in asserting dependency jurisdiction over his infant son because the evidence did not support the court's findings that father was a substance abuser or that father's drug use put his son at substantial risk of seriously physical harm. We disagree, and affirm.

## FACTUAL AND PROCEDURAL HISTORY

Anthony A. (Anthony) was born in November 2014. His parents are father and Bella A. (mother). Anthony is father's first child and mother's second. The juvenile court had already exerted dependency jurisdiction over Anthony's older half-brother, A.Z., due to mother's mental health issues and history of substance abuse.

Within days of Anthony's birth, the Los Angeles County Department of Children and Family Services (Department) filed a petition asking the juvenile court to assert dependency jurisdiction over Anthony due to (1) mother's "mental and emotional problems" (Welf. & Inst. Code, § 300, subd. (b)),[1] (2) mother's "history of substance abuse" (*ibid.*), and (3) mother's abuse and neglect of A.Z. (§ 300, subd. (j)). In a first amended petition, the Department added two additional bases of jurisdiction against father: (1) father's "history of substance abuse" (§ 300, subd. (b)); and (2) his physical violence against a woman other than mother (*ibid.*).

At the jurisdictional hearing in March 2015, mother admitted the allegations based on her abuse and neglect of A.Z. Father contested the allegations against him. The Department presented father's extensive criminal history, including three convictions (in 2007, 2009, and 2013) for possessing a controlled substance and one conviction (in 2011) for being under the influence of a controlled substance. The Department also presented father's admissions that he had been using methamphetamine for the four years prior to Anthony's birth; that he had offered to share with mother a "pound of shit" (referring to

---

**1**     Unless otherwise indicated, all further statutory references are to the Welfare & Institutions Code.

2

methamphetamine) three months before Anthony was born; and that he only stopped using drugs in September 2014.

The juvenile court struck the domestic violence allegation, but sustained the allegation involving father's substance abuse, noting that this case involved "a newborn baby" and that the "risk to [Anthony] [was] there" based on "[f]ather['s] . . . long history of substance abuse." The court made dispositional orders that removed Anthony from mother's and father's custody but granted father monitored visitation. The court also ordered father to enroll in a drug rehabilitation program if he missed or failed any of eight random drug tests, to participate in individual counseling, and to attend parenting classes.

Father timely appeals.

## DISCUSSION

Father argues that the juvenile court's jurisdictional finding based on his substance abuse is not supported by substantial evidence.

As a threshold matter, the Department asserts that we need not address father's challenge. Dependency jurisdiction attaches to the child, not the parent; as a result, "a jurisdictional finding good against one parent is good against both." (*In re Brianna V.* (2015) 236 Cal.App.4th 297, 308.) Because the juvenile court's jurisdiction over Anthony is appropriate by virtue of that court's unchallenged finding against mother, we need not reach father's challenge. We nevertheless have discretion to hear father's arguments if we find that the court's jurisdictional finding against father (1) affects a dispositional order challenge on appeal, (2) could impact current or future dependency proceedings, or (3) could have consequences for father beyond jurisdiction. (*In re Drake M.* (2012) 211 Cal.App.4th 754, 762-763 (*Drake M.*).) None of these exceptions applies here. Father does not challenge the dispositional order on appeal, and he has offered no argument or explanation as to why the court's finding could impact future dependency proceedings or have further consequences for him. We consequently agree that we need not reach the merits of father's challenge.

Father's challenge lacks merit in any event. As pertinent here, dependency

3

jurisdiction is appropriate when "[t]he child has suffered, or there is a substantial risk that the child will suffer, seriously physical harm or illness, as a result of the . . . inability of the parent or guardian to provide regular care for the child due to the parent's or guardian's . . . substance abuse." (§ 300, subd. (b)(1).) This statutory provision requires proof of (1) "neglectful conduct by the parent" (that is, substance abuse), (2) causation, and (3) """"a showing that at the time of the jurisdiction hearing the child is at substantial risk of serious physical harm in the future . . . ."""" (*In re J.O.* (2009) 178 Cal.App.4th 139, 152.) Our review is limited to substantial evidence review—that is, to assessing whether a reasonable trier of fact could make the same ruling when viewing the evidence in light most favorable to the juvenile court's findings. (*In re John M.* (2012) 212 Cal.App.4th 1117, 1124.)

Father contends there is insufficient evidence that (1) he is currently a substance abuser because he stopped using methamphetamines in September 2014, and (2) that his substance abuse places Anthony at substantial risk of serious physical harm. We reject both contentions.

Father's long history of drug-related convictions, coupled with his admission that he used methamphetamines daily for four years, amply supports the trial court's finding that father is a substance abuser. Father claims that he completed a drug counseling program while incarcerated in 2012, but the program was obviously unsuccessful because he continuing using drugs until late 2014. Father's claimed cessation of drug use in September 2014 is a step in the right direction, but courts have long concluded that the type of longstanding and chronic abuse present in this case is a serious problem that is not ameliorated in a short time. (See, e.g., *In re Clifton B.* (2000) 81 Cal.App.4th 415, 423-424 [200 days insufficient to convince juvenile court that a relapse would not occur]; *In re Amber M.* (2002) 103 Cal.App.4th 681, 686-687 [relapse following 300 days of sobriety].)

Sufficient evidence of risk also exists. Anthony is an infant. In cases involving children of "tender years," "the finding of substance abuse is prima facie evidence of the

4

inability of a parent or guardian to provide regular care resulting in a substantial risk of physical harm." (*Drake M.*, *supra*, 211 Cal.App.4th at p. 767; accord, *In re Christopher R.* (2014) 225 Cal.App.4th 1210, 1216 [same].)  Father has not rebutted that prima facie case with any evidence.  And the cases he cites are inapposite, for they involve parents who were not substance abusers (cf. *Drake M.*, at pp. 767-769 [medicinal use of marijuana]; *In re Alexis E.* (2009) 171 Cal.App.4th 438, 451-452 (*Alexis E.*) [same]), or children who were *not* of tender years, and thus for whom the Department must show an "identified, specific hazard" arising from the drug abuse.  (*Drake M.*, at pp. 766-767; cf. *In re Rebecca C.* (2014) 228 Cal.App.4th 720 [13-year-old minor]; *Alexis E.*, at p. 441 [8, 9, and 12-year-old minors].)

## DISPOSITION

The jurisdiction order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.</u>

_____, J.

HOFFSTADT

We concur:

_____, P.J.

BOREN

_____, J.

CHAVEZ

5